**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| JAVARIS ANTONIO BYRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV426-227 |
| | ) | |
| MICHAEL ROWAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Javaris Antonio Byrd has filed a Complaint alleging that his constitutional rights were violated during the course of an ongoing criminal prosecution. *See generally* doc. 1. He also moved to proceed *in forma pauperis*. Doc. 2. Because his financial disclosures were not sufficiently clear for the Court to conclude that he was unable to pay the filing fee, it directed him to supplement them. Doc. 5. He has complied. Doc. 7. Because his disclosures, as supplemented, show that he lacks sufficient funds to pay the required filing fee, his request to proceed *in form pauperis* is **GRANTED**. Docs. 2 & 7. The Court,

therefore, proceeds to screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Byrd's Complaint alleges that he reported that his son's mother, who apparently has physical custody, was subjecting his son to physical and emotional abuse. Doc. 1 at 3-4. The allegations were investigated and, "[i]nstead of helping, two of [the investigating officers] ended up putting out bogus warrants for [Byrd's] arrest." *Id.* at 4. It is unclear when, or if, he was arrested pursuant to the warrants, but he alleges that he had a hearing in 2024, where, "the District Attorney's office tried to get [him] to plead guilty to the bogus warrants." *Id.* at 5-6. He expressly alleges that the case remains pending. *See id.* at 6 ("The case is just sitting now because there is no evidence to prove the District Attorney's case."). He asserts a claim for "false arrest," against the two officers who procured the warrants, a claim for "malicious prosecution" against Chatham County District Attorney Shalena Cook Jones, and a claim for "gross negligence or willful and wanton misconduct," against the Chatham County Superior Court Judge Tammy Stokes who presided over a family court matter. *Id.* at 6-7. He seeks monetary damages. *Id.* at 7.

Byrd's claims against the District Attorney and Superior Court judge fail because both of those defendants enjoy absolute immunity

against his claims. Judges are generally immune from suit unless they act in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). None of the allegations implicating Judge Stokes are plausibly outside of her jurisdiction.[1] *Cf.* O.C.G.A. § 15-6-8. Prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution," even when accused of perjury. *Id.; see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and

[1] The fact that Byrd alleges Judge Stokes's misconduct in the context of a family court proceeding creates an additional obstacle to any claim that might arise. *See, e.g., Moussignac v. Ga. Dep't of Hum. Res.*, 139 F. App'x 161, 162 (11th Cir. 2005) ("[F]ederal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification."). Since it is clear that Judge Stokes is immune from Byrd's damages claim, whether the Court should abstain from any other claim is moot.

suppressed material evidence at trial); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor entitled to immunity from § 1983 liability for allegedly conspiring to withhold evidence and to create and proffer perjured testimony).

Prosecutorial immunity "extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Jones*, 174 F.3d at 1281 (citation omitted).

> Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. A prosecutor is immune for malicious prosecution. Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing.

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted). Courts have recognized that "prosecutors have been held absolutely immune to carry out such advocacy actions as making sentencing recommendations." *Yeager v. Binford*, 2019 WL 630296, at *2 (M.D. Ala. Feb. 14, 2019) (internal quotation marks, alterations, and

citations omitted). Prosecutors also enjoy absolute immunity against claims under Georgia law. *See, e.g., Holsey v. Hind*, 377 S.E. 2d 200, 200-01 (Ga. Ct. App. 1988). Since the only allegations against District Attorney Cook Jones clearly involve her activities as advocate for the State, she is immune.

Byrd's assertion of a "false arrest" claim against the law enforcement officers is also defective. Both "false arrest" and "malicious prosecution" are recognized claims, under 42 U.S.C. § 1983, for distinct violations of the Fourth Amendment. *See, e.g., Williams v. Aguirre*, 965 F.3d 1147, 1157-58 (11th Cir. 2020) (discussing distinct theories of "false arrest" and "malicious prosecution," under § 1983). "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "[F]alse imprisonment[, or false arrest,] ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389; *see also White v. Hiers*, 652 F. App'x 784, 786 (11th Cir. 2016). At that point, a plaintiff's claim is one for malicious prosecution. *Wallace*, 549 U.S. at 390. The false arrest and imprisonment conclude, even if the process issued is allegedly invalid.

*See, e.g., Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) ("The issuance of a warrant—even an invalid one . . . –constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest."); *see also, e.g., Williams*, 965 F.3d at 1158. Given that Byrd's claim against the officers expressly alleges that they secured a warrant, albeit a "bogus" one, his claim is properly construed as one for malicious prosecution.

"[T]he tort of malicious prosecution requires a seizure 'pursuant to legal process.'" *Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016) (citation omitted). "[S]eizures following an arraignment, indictment, or probable-cause hearing," give rise to malicious prosecution claims. *Williams*, 965 F.3d at 1158 (citation omitted). In order to establish a § 1983 malicious prosecution claim, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (citation and quotation marks omitted); *see also Williams*, 965 F.3d at 1157 ("[T]his Court uses 'malicious prosecution' as only 'a shorthand way of describing' certain claims of unlawful seizure under the Fourth

Amendment."). The elements of the common law tort of malicious prosecution include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Paez*, 915 F.3d at 1285 (citation omitted). A malicious prosecution claim does not accrue until the favorable termination occurs. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). Byrd's allegation that his prosecution pursuant to the allegedly defective warrants remains pending, *see* doc. 1 at 6, is fatal to any malicious prosecution claim.

Plaintiff's Complaint should, therefore, be **DISMISSED**. Doc. 1. Although *pro se* parties are often entitled to an opportunity to amend their complaints before dismissal, Byrd's claims are not amendable. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal."). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court

and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 15th day of September, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA